**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SEHER AYGUN, *Petitioner*, v. LUIS SOTO, in his official capacity as Warden of Delaney Hall Detention Facility et al. *Respondents*. | No. 2:25-cv-18540 (MEF) **ORDER** |

Federal courts throughout the Nation have on large numbers of occasions in recent months afforded habeas corpus relief to noncitizens who, under a July 2025 executive branch policy, are (i) being detained but (ii) not being afforded the bond hearing that federal law requires.

But relief can only be considered by a court with jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). And courts are required to inquire into their own jurisdiction --- assessing whether they have it, even if, as here, no party raises the question. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The Court of Appeals' decision of yesterday in Khalil v. President, United States of America, 2026 WL 111933 (3d Cir. Jan. 15, 2026), potentially suggests that district courts may not be permitted to hear habeas cases like this one.

In a letter brief to be filed on or before January 23 at noon, the Respondents shall explain the implications of Khalil for the Court's subject-matter jurisdiction in this case. In doing so, the Respondents shall also explain their position as to the precedential status of Khalil in the period before the Court of Appeals issues its mandate.

The Petitioner shall file a letter brief in response on or before January 30 at noon.

If the Court determines that it has subject-matter jurisdiction, it will then take up the Petitioner's current habeas relief request, which became fully submitted yesterday.

IT IS on this 16th day of January, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.